# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ENTROPIC COMMUNICATIONS, LLC**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:23-cv-00050-JRG |
| v. | ) Case No. 2:23-cv-00051-JRG |
| | ) |
| **CHARTER COMMUNICATIONS, INC.**, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DECONSOLIDATE THIS ACTION FROM NO. 2:23-CV-00052-JRG, THEN CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00050-JRG**

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................1

    I.     Common Issues of Law and Fact Support Consolidation and Entropic's Post-Hoc Reliance on the Different MoCA Standards is Untenable. ..............................1

    II.    Entropic will not be Prejudiced by Consolidation because this Court, Like its Counterpart in the Central District of California, is Similarly Capable of Presiding Over a Consolidated MoCA Case. .....................................................................2

    III.   Charter's Request to Consolidate the MoCA Cases Remains Timely, Can be Done Without Any Delay, and Will Promote Judicial Economy. ...................................3

    IV.   Deconsolidation of the '051 (MoCA) and '052 (Cable) Cases Which Share No Common Issues or Facts Is Appropriate. ...................................................................4

CONCLUSION ..............................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2:22-cv-00125-JRG (E.D. Tex.) ......................................................................................... passim

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2:23-cv-00050-JRG (E.D. Tex.) ......................................................................................... passim

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2:23-cv-00051-JRG (E.D. Tex.) ......................................................................................... passim

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
  2:23-cv-00052-JRG (E.D. Tex.) ......................................................................................... passim

**Other Authorities**

Rule 42 (a) .........................................................................................................................................5

## INTRODUCTION

Entropic has already conceded that the consolidation that Charter now seeks is appropriate through its filings in the Central District of California. Entropic's opposition nevertheless asks this Court to reject the very consolidation Entropic strategically orchestrated in the Central District of California where it filed the MoCA patents in a single suit and the Cable patents in a separate, single suit against each of Charter's competitors. Entropic's opposition fails to explain why Charter alone should face separate MoCA ('050[1]) and Cable ('125[2]) cases, *plus* a consolidated MoCA/Cable case ('051[3] and '052[4]), let alone why this is preferential to a consolidated MoCA ('050 and '051) case and a consolidated Cable ('125 and '052) case.

In its opening brief, Charter provided ample explanation for why there are common questions of law or fact, and why consolidation would not prejudice Entropic and will promote judicial economy. Entropic's arguments regarding patent overlap, this Court's inability to manage a large patent case, and the amount of effort to deconsolidate and reconsolidate confuses the issues and overcomplicates a relatively simple process that would streamline both the MoCA and Cable litigations. Ultimately, Charter's proposal—that the MoCA cases remain together, and the Cable cases remain together—would avoid needless repetition and benefit this Court, and the parties.

**I.  Common Issues of Law and Fact Support Consolidation and Entropic's Post-Hoc Reliance on the Different MoCA Standards is Untenable.**

It is undisputed that these cases accuse the same technology (MoCA), the same devices (set-top boxes), and the same service (Legacy TWC's Whole Home DVR service). Entropic's opposition, which argues that the MoCA cases should remain split because the '050 case asserted

---

[1] *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:23-cv-00050-JRG (E.D. Tex.)
[2] *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:22-cv-00125-JRG (E.D. Tex.)
[3] *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:23-cv-00051-JRG (E.D. Tex.)
[4] *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2:23-cv-00052-JRG (E.D. Tex.)

patents are directed to the MoCA 1.0 standard while the '051 case asserted patents are directed to the MoCA 1.1 and 2.0 standards, is factually incorrect and at odds with Entropic's own pleadings. Resp. 2–3. As with most standards, the MoCA standards build on each other, and MoCA 1.1 and MoCA 2.0 devices are backwards compatible with, and can use, the MoCA 1.0 standard. This is evidenced by the fact that Entropic accuses the *same* devices in *both cases*. Mot. 8–9. Put another way, while the features in the '050 case were developed and first incorporated into the MoCA 1.0 standard, Entropic accuses the use of those features by devices compliant with the MoCA 1.1 and MoCA 2.0 standards. What is undeniable is that because Entropic accuses the same devices in both the '050 and '051 MoCA cases based on their compliance with the MoCA 1.0, MoCA 1.1, and MoCA 2.0 standards, there will undoubtedly be common issues of fact.

**II.     Entropic will not be Prejudiced by Consolidation because this Court, Like its Counterpart in the Central District of California, is Similarly Capable of Presiding Over a Consolidated MoCA Case.**

Entropic admits, as it must, that it voluntarily consolidated ***all*** of the MoCA patents into single suits in the Central District of California. Resp. 3–4. Entropic's opposition in support of its strategy to split the MoCA patents into two separate MoCA cases against Charter in this Court is premised on the remarkable contention that this Court, unlike its Central District of California brethren, is incapable of managing a twelve-patent case. To the extent that it is necessary for Charter to address this argument, it is untenable to suggest that this Court, with unparalleled experience handling patent cases, is incapable of managing complex patent cases.

As detailed above and in Charter's opening brief, the MoCA cases accuse the same technology (MoCA), the same products (set-top boxes), and the same service (Legacy TWC's Whole Home DVR Service). As such, these cases will implicate the same Charter documents and witnesses. With such substantial common questions of law and fact, this case is not too complicated for this Court to handle in a single suit. To the extent the number of patents might impact case

2

management, this Court is well-equipped, and has the discretion, to manage and tailor pretrial matters to address any concerns. Importantly, at this time Charter only requests pretrial consolidation. Mot. 7. If twelve patents prove too unwieldy for a single trial, this Court can address that issue at a later date.

Furthermore, the MoCA cases have always been litigated as a single suit. *See* Mot. 10 ("Entropic filed both suits on the same day, and Charter later responded to both suits on the same day with venue motions."). Entropic concedes that once Charter appeared in the '051 case, Charter "voluntarily appear[ed] and obviate[ed] further service requirements." Resp. 3. This concession reinforces Charter's position that Entropic strategically withheld service of the '051 Complaint until the morning of the '050 case's case management conference in a blatant attempt to take advantage of this Court's internal processes.

### III. Charter's Request to Consolidate the MoCA Cases Remains Timely, Can be Done Without Any Delay, and Will Promote Judicial Economy.

Having done everything in its power to strategically delay certain cases ('051 and '052) in favor of others ('125 and '050), Entropic should not now be heard to say consolidation is untimely. It is by no means too late for this Court to consolidate the MoCA cases. The '050 case has made little progress – invalidity contentions were just served on July 11, 2023, and claim construction is months off. The '051 MoCA case (which has been consolidated with the '052 Cable case, discussed below) trails by only a month, with infringement contentions served on July 13, 2023. Charter has offered to conduct claim construction and discovery in the '051 case on the same schedule as the '050 case, to prevent any delay. Mot. 7–8 n.4. Nor, for the reasons set forth in Charter's motion to

consolidate the Cable ('125 and '052) cases, is it too late to consolidate those cases.[5] With a short extension proposed by Charter, those cases can easily be put on the same track.

### IV.  Deconsolidation of the '051 (MoCA) and '052 (Cable) Cases Which Share No Common Issues or Facts Is Appropriate.

Intent on opposing the reasonable consolidation of the '050 and '051 MoCA cases and '125 and '052 Cable cases which share the same technology, products, and services (as demonstrated by Entropic's consolidated California filings), Entropic advocates in support of the Court's consolidation of completely unrelated cases. Entropic's basis for endorsing this consolidation is based solely on the resulting number of patents in each case. Entropic argues that, by dividing the number of patents between the '050 MoCA case, and the consolidated '051 MoCA case and '052 Cable case, both cases will have a similar number of patents and, therefore, be more efficient. Resp. 5–6.

As explained above, the number of patents in the resulting cases does not provide any basis for consolidation. Nor would it assist the Court in managing the cases or promote judicial economy. Entropic ignores the actual factors to be considered. Critically, there are no common questions of law or fact between the '051 MoCA case and the '052 Cable case. As Charter explained in its opening brief, the MoCA and Cable cases do not concern the same technology, do not implicate the same equipment or services, will not involve the same witnesses, and will involve different third parties. Mot. 13. It is telling that Entropic is not just as, *if not more*, concerned about trying two unrelated cases in one proceeding.

Finally, the consolidation and deconsolidation requested by Charter does not require "jumping through hoops" as Entropic contends. *See* Resp. 5. All it requires is an order from this

---

[5] Charter references and incorporates in its entirety Charter's papers supporting its pending Motion to Consolidate in the '125 case. *See* Mot. to Consolidate, '125 Dkt. 99; Reply, '125 Dkt. 116.

4

Court. Compared to the number of "hoops" the parties will "jump through" at every pretrial stage if the cases remain as is, this is a simple fix that will avoid a lot of confusion for everyone.

## CONCLUSION

For these reasons, Charter respectfully requests that this Court grant the Motion and issue an order under Rule 42 (a) deconsolidating 2:23-cv-00051-JRG (MoCA) and 2:23-cv-00052-JRG (Cable) cases; and (b) consolidating 2:23-cv-00050-JRG (MoCA), with 2:23-cv-00051-JRG (MoCA) for all pretrial matters, with the '050 case serving as the lead action.

Date: July 18, 2023

Respectfully submitted,

/s/ *K. Padmanabhan*
K. Padmanabhan (*pro hac vice*)
kpadmanabhan@winston.com
WINSTON & STRAWN LLP
200 Park Ave.
New York City, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Saranya Raghavan (*pro hac vice*)
sraghavan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

William M. Logan
wlogan@winston.com
State Bar No. 24106214
Winston & Strawn LLP
800 Capitol St., Suite 2400
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Deron R. Dacus
ddacus@dacusfirm.com
State Bar No. 00790553
THE DACUS FIRM, PC
821 Ese Loop 323 Suite 430
Tyler, TX 75701
Telephone: (903) 701-1117
Facsimile: (903) 581-2543

**ATTORNEYS FOR
CHARTER COMMUNICATIONS, INC.**

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 18, 2023.

/s/ K. Padmanabhan
K. Padmanabhan (*pro hac vice*)
